RELIANCE INSURANCE COMPANY and
Lowell Shumate, Petitioners,

v.

LIBERTY MUTUAL INSURANCE COM-
PANY, Respondent.

Supreme Court of Tennessee.

Aug. 6, 1973.

William C. Skaggs, Jr., Ayres, Parkey, Skaggs & Ware, Knoxville, for petitioners.

J. H. Doughty, Hodges, Doughty & Carson, Knoxville, for respondent.

## OPINION

WILSON, Special Justice.

This action originated in the Chancery Court of Knox County, Tennessee, upon a complaint filed by Liberty Mutual Insurance Company (hereinafter referred to as "Liberty") against Reliance Insurance Company and Lowell Shumate (hereinafter referred to as "Reliance" and "Shumate") seeking a judgment against them by way of indemnification for the sum paid by Liberty in partial satisfaction of a judgment, interest and costs rendered against Stowers Machinery Corporation, hereinafter called "Stowers" and Lowell Shumate, in the case styled William E. Lovell v. Stowers Machinery Corporation and Odom Construction Company, Inc. (hereinafter referred to as "Odom"), and by later amendment against Lowell Shumate and Robert Cowan, in the Circuit Court for Knox County, Tennessee, as a result of an accident which occurred June 3, 1968, on U.S. Highway 11–W in Knox County, at a point in front of the premises of Stowers.

Along with the answer of Reliance and Shumate, Reliance filed a cross-complaint asking that the court decree that cross-complainant Reliance be entitled to contribution on the judgment entered in the Lovell action in the Circuit Court against Stowers and Lowell Shumate. And further, that the court order and decree that Liberty Mutual Insurance Company be required to pay its pro rata share of the verdicts entered in the Lovell action in the Circuit Court against Stowers and Lowell Shumate.

On the day preceding the accident, Robert Cowan, Odom's employee, left a tractor-trailer unit of Odom's at Stowers place of business to be loaded with certain items of heavy machinery which had been repaired by Stowers and with instructions for Stowers to leave the rig parked outside of the enclosed area of Stowers' lot in order that possession thereof could be re-taken by Cowan early the next morning. The unit was parked by Shumate, a welder by trade, and an employee of Stowers, in an area in front of the Stowers' loading dock and shortly thereafter the rig started a backward movement down the Stowers' driveway and into U.S. Highway 11–W where it was in collision with the automobile of William E. Lovell, who was operating his vehicle east along Highway 11–W in Knox County, Tennessee.

In the Circuit Court suit the jury found in favor of the defendants, Odom and Cowan, its employee, and against the defendants, Stowers and Shumate, its employee, awarding damages in the sum of $70,500.00. A judgment was entered on the jury verdict.

Liberty had issued its Combination Comprehensive Automobile Policy No. AE 1–151–021285–107 and its Comprehensive General Liability Policy No. LGI–151–021385–047 to Stowers. Reliance had in effect its Comprehensive Automobile Liability Insurance Policy No. GA 1–20–6364 issued to Odom. Reliance afforded a defense to its insured, Odom and Cowan, its employee and, pursuant to demand by Liberty, also defended Shumate, Stowers' em-

ployee, as the operator of its insured vehicle. Reliance declined, however, to defend Stowers, Liberty's insured.

Reliance declined to pay the full amount of the judgment as demanded by Liberty, but agreed to pay one-half (½) of the judgment, interests and costs in order to avoid issuance of execution and the incurring of further additional expenses and interest, and thereupon on December 17, 1969, both Reliance and Liberty each paid $35,857.95 into the Registry of the Circuit Court of Knox County, Tennessee, in full satisfaction of the judgment, without waiving any right which one might have against the other to recover any amount which either paid in satisfaction thereof.

In the hearing before the Chancellor the parties entered into a stipulation embracing all of the recitals above made accompanied by exhibits of the insurance policies involved and copies of certain of the pleadings filed in the Circuit Court action of William E. Lovell v. Stowers Machinery Company and Odom Construction Company, and later by amendment against Lowell Shumate and Robert Cowan, along with a copy of the charge of the court in the Lovell action.

The case was tried before the Honorable Len G. Broughton, Chancellor, Part II, Knox County, Tennessee, resulting in a denial of the relief sought by both the original complainant and cross-complainant. The Chancellor, in a memorandum opinion and finding of fact dated October 22, 1971, after stating the provisions of the Reliance policy issued to Odom, held:

"By virtue of the terms and provisions of Reliance's policy, Shumate became an insured while using Odom's rig to park the same, as provided by Section '(c)' supra. Likewise, Stowers, which was alleged to be liable for the acts or omissions of Shumate, became an insured under the provisions of Section '(d)' supra." [1]

Recovery was denied to Liberty for the reason that the Chancellor found that a defensive plea asserting that Stowers was guilty of negligence in entrusting the Odom vehicle to Shumate filed by the defendant Cowan in the Lovell action in the Circuit Court defeated the action of Liberty by reason of T.C.A. § 20–1318, which we quote as follows:

"*Scope of general verdict.*—A general verdict, although it may not in terms answer every issue joined, is nevertheless held to embrace every issue, unless exception is taken at the term at which the verdict is rendered."

Further, the Chancellor held that if he was mistaken as to the effect of T.C.A. § 20–1318, as to Cowan's defensive plea, that he found as a fact from the evidence he heard that Stowers was guilty of negligent entrustment in placing its employee, Shumate, in charge of the vehicle in question.

Liberty prayed and was granted an appeal to the Court of Appeals from the ruling of the Chancellor. Reliance did not appeal.

The Court of Appeals reversed the Chancellor and held that T.C.A. § 20–1318 did not apply and that Stowers was not guilty of negligent entrustment of the Odom vehicle to Shumate and awarded judgment in favor of Liberty for $35,857.-

---

1. (c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or
(2) an employee of the named insured or of such lessee or borrower:
(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b), or (c) above.

95. We granted the petition of Reliance and Shumate for certiorari.

Assignments of error have been made as follows:

"1. The Court of Appeals erred in sustaining the assignments of error of respondent, Liberty Mutual Insurance Company.

2. The Court of Appeals erred in reversing the decree of the Chancery Court of Knox County, Tennessee, Part II, and in entering a judgment for the respondent and against the petitioners, Reliance Insurance Company and Lowell Shumate in the sum of $35,857.95 and costs.

3. The Court of Appeals erred in finding that TCA Sec. 20–1318 was not applicable as to issue of negligent entrustment which was interposed as a defense in the special pleas of the defendant, Robert Cowan, in the Circuit Court of Knox County, Tennessee suit.

4. The Court of Appeals erred in finding, contrary to the Chancellor and the law, that under the evidence adduced that Stowers Machinery Corporation was not guilty of negligent entrustment.

5. The Court of Appeals erred in finding that respondent, Liberty Mutual Insurance Company was entitled to indemnification and in failing to find that Stowers Machinery Corporation was in pari delicto with its employee, Lowell Shumate and therefore not entitled to indemnification under the law."

The Circuit Court action was tried before the Honorable Chester R. Mahood, who charged the jury as to plaintiff's theory respecting the liability of Stowers, as follows:

"Very briefly, the plaintiff says that these defendants were guilty of negligence in the following manners and methods: He alleges that the employees and agents of the defendant, Stowers Machinery Company, had parked the tractor-trailer rig on their property in a careless and negligent manner without taking due care and caution to see that it was safely secured, without putting the rig in a proper holding gear and parking the same on an incline, failure to put any blocks or other chocking under the wheels to prevent the vehicle from rolling. They allege that this negligence on the part of the employees of Stowers is imputed to the corporation and that the corporation is liable along with their employees."

The court further charged the jury, in part:

"In these cases, of course, the servants of the corporations have been sued, that is to say, Mr. Cowan and Mr. Shumate, and, of course, the only way a corporation, which is a fictitious person, may operate is through its agents and servants. In these cases, it is admitted that Mr. Shumate was an employee of Stowers Machinery Corporation, and that Mr. Cowan was an employee of Odum Corporation, so, Ladies and Gentlemen of the Jury, should you find that the defendant agents, both or one of them, was guilty of any negligence which proximately caused the injuries to the plaintiff, then you must likewise find against the co-defendant corporate employer, because, as I have previously stated, the corporation can only act through its agents and servants, so if the agent or servant is operating within the course of his employment at the time alleged in these pleadings in this case, then that particular agent would be liable along with the corporation."

Again, we quote from the charge of the Circuit Court Judge in the Lovell case, as follows:

"If you believe from the evidence that the defendants, that is to say, Stowers Machinery Company and Odom Construction Company, operating through their employees, were both guilty of negligence and that their negligence com-

bined so that together the combined negligence of the said Stowers Machinery Company and Odom Construction Company constituted the proximate cause of the plaintiff's injuries, then both of the defendants or all of the defendants would be liable. By 'both', I mean all of the defendants.

If, however, you believe that one of these defendants through its agents and servants was not guilty of negligence which proximately caused the accident, then that particular defendant would not be liable.

If both the plaintiff and the defendants were guilty of negligence which proximately concurred in the producing of the plaintiff's injuries and damages, then the plaintiff cannot recover."

The plea of the defendant Robert Cowan in the Lovell case in the Circuit Court, after averring contributory negligence on the part of the plaintiff Lovell, continued as follows:

"The said negligence of the plaintiff combined with the negligence of the defendant Stowers Machinery Corporation in entrusting a tractor-trailer unit to an inexperienced and unqualified operator singly commingled and combined was the proximate cause of this accident and was not due to any negligence on the part of this defendant."

From the parts of the charge above set out of the Circuit Court Judge presiding at the trial of Lovell v. Stowers, Odom, Shumate and Cowan, it appears that the issue as to the liability of the defendant Stowers and the defendant Odom to the plaintiff Lovell were very distinctly put to the jury upon the well recognized rule of respondeat superior, the defendant Stowers, acting through its agent and employee, Shumate, and the defendant Odom, acting through its agent and employee, Cowan. As previously stated, the jury determined the issue submitted to them against Stowers and its employee, Shumate, and in favor of Odom and its employee, Cowan. Not only from the above-quoted portion of the charge of the Circuit Court in the Lovell case, but from a careful examination of the whole charge, it positively appears that the matter of negligent entrustment on the part of the defendant Stowers, as alleged in the defensive plea of Cowan, employee of Odom, was not submitted to the jury. This conclusion is further emphasized by a colloquy between counsel and the Chancellor upon the hearing of the instant case, and we quote:

"MR. SKAGGS: Just a minute, Mr. Doughty. Your Honor, one other thing. Insofar as the charge of the Court is concerned, this charge was a special request made of the trial judge in the prior hearing to charge the individual theories of the individual defendants. And I will ask counsel now if he will agree such a request was made, and that was part of the proceedings and an allegation on motion for a new trial.

THEREUPON, a conversation was held off the record.

MR. DOUGHTY: Your Honor, if counsel will produce from the court file the special requests which he asserted and made, I will agree to it as part of this stipulation. But, at the same time, would object to their admissibility in this hearing for two reasons: one, the special request which was made, as has been stated by counsel at the bar, not to have been given by the Court in his charge to the jury and, hence, it was not an issue in that cause which the jury had for consideration and determination.

THE COURT: Well, I'm going to permit the special requests to be supplied and made Exhibit 6 for identification only. In this instance, I think that the complainant's position is well taken that it should not be considered competent or material but, so that the record can be complete, I am going to permit it to be filed for identification only as Exhibit 6 to this stipulation."

From a most careful examination of the numerous exhibits to the stipulation filed in the hearing before the Chancellor, we fail to find the exhibit mentioned by counsel and the court. It is only reasonable to assume that the special requests referred to during the colloquy above set out are the same requests referred to near the end of the charge of the court by the court reporter in the following manner:

"(At this point, special requests were submitted, all of which were denied)."

Why the exhibit was not filed for identification, we do not know, nor is it our concern, for we are not sitting in review of the Circuit Court action. The Circuit Court Judge was charged with the responsibility of being the judge of the law applicable to the parties under the pleadings and proof in the Lovell case. There was a judgment pronounced upon the findings of the jury from which no appeal was taken, the judgment satisfied and must be conclusively presumed to be correct upon the issues determined by the jury as limited by the instructions given by the trial court. As we have hereinbefore pointed out, the trial court did not submit the question of negligent entrustment on the part of Stowers to the jury. He could have, had he been of the opinion that such a charge was applicable under the pleading and proof, but he did not in the discharge of his duties see fit to submit that issue.

From the finding of facts made by the Chancellor, we quote as follows:

"The Court is of the opinion that Reliance's contention is well taken: That is, that the general verdict, being unexcepted to, covering an issue that there was negligent entrapment (entrustment) raised by one of the co-defendants, was an issue decided in favor of the co-defendant, Cowan, and therefore, that would foreclose the issue of whether or not there was negligent entrustment. In other words, the Circuit Court jury by its verdict found that Stowers was guilty of negligent entrustment."

■ The language used by the learned Chancellor in the last sentence of the quote immediately above is at variance with what we have pointed out above as positively to the contrary; i. e., that the issue of negligent entrustment was never submitted to the jury. Another objection is that the learned Chancellor, in hearing proof and making independent findings, obviously contrary to the Circuit Judge, is undertaking to sit in review of the Circuit Court Judge, which he cannot do.

■ The action in the Circuit Court determined the rights of the parties in the action of Lovell v. Stowers, Shumate, Odom and Cowan, under the instructions of the trial court, and we have pointed out the charge of the court clearly discloses no issue of negligent entrustment on the part of Stowers was submitted to the jury.

■ We are of the opinion that T.C.A. § 20–1318 was never intended to cover such a situation as is contended for in the instant case; i. e., that an allegation of negligence made in an action in which, from the record, it affirmatively appears that such allegation was never made an issue before the jury.

We quote approvingly this statement from the opinion of the Court of Appeals:

"To place a construction upon T.C.A. § 20–1318 saying it was broad enough to compel this court to find that the jury had made an affirmative finding that Stowers was guilty of negligent entrustment would be to say that any allegation in a pleading, whether proved or not, whether relied upon or not, on which issue had not been joined or submitted to the jury in the Court's charge, would still to binding upon the parties in a general verdict."

■ We have previously pointed out that the Chancellor was in error in hearing proof and making the determination as to whether Stowers was guilty of negligent entrustment of the Odom vehicle to Shu-

mate. The Court of Appeals, in reviewing the action of the Chancellor on this question, did not agree with the Chancellor in finding that Stowers was guilty of negligent entrustment. While in the light of what we have previously stated it is not necessary that we so do, but we do state, after an examination of the testimony heard by the Chancellor that we agree with the Court of Appeals that the evidence is not sufficient to warrant a holding that Stowers was guilty of negligent entrustment of the Odom vehicle.

The instant controversy between Liberty on one hand and Reliance and Shumate on the other arises by reason of the insurance contracts issued by Reliance to Odom and Liberty to Stowers. The Reliance policy, by its provision, insured Odom, Cowan, Shumate and Stowers. The Liberty policy insured Stowers but did not insure Shumate. Reliance paid one-half of the judgment, acknowledging that Shumate was an additional insured under policy issued to Odom, but refuses to pay the other half. The Liberty policy covered Stowers and Liberty paid the other half under a reservation of rights and brought the instant action to recover from Reliance the one-half it paid. The Chancellor ruled Stowers was also an additional insured under the Reliance policy, with which we agree, and Liberty, in the instant case, asserting its right as subrogee under its policy issued to Stowers, and standing in the shoes of Stowers, brings the instant action to recover, by way of indemnity from Shumate and Reliance, the sum it paid for Stowers. The rule that the master is entitled to recover from his servant or an employee that which he has been caused to pay by reason of the negligent act of the servant, is so well established in this State that no citation of authority is needed.

The judgment imposed on Stowers was by reason of the negligent acts of Shumate, and Liberty, now standing in the shoes of Stowers, by reason of its subroga-

tion rights, has the right to collect by way of indemnity from Shumate.

The judgment of the Court of Appeals is affirmed and judgment awarded Liberty in the amount of $35,857.95. The costs will be assessed against Reliance and Shumate.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.